Israel Klein, Esq.
PRDALIS & NOHAVICKA, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
ELAINE MORALES,                                :
                                               :
                Plaintiff,           :
                                               :
    -against-                               :
                                               :
CITY SCRAP METAL, INC., CITY METAL SUPPLY,     :
INC., SIMCHA REAL ESTATE HOLDING LLC,          :
MICHELE ROTHMAN and ALAN ROTHMAN,              :
                                               :
                Defendants.          :
---------------------------------------------------------------------x

**Index No.:**

**COMPLAINT AND JURY DEMAND**

## NATURE OF THE ACTION

Plaintiff Elaine Morales ("Plaintiff" or "Ms. Morales"), by and through her attorneys, Pardalis & Nohvicka, LLP, brings this Complaint against Defendants City Scrap Metal, Inc. ("City Scrap Metal"), City Metal Supply, Inc. ("City Metal Supply"), Simcha Real Estate Holding LLC ("Simcha Real Estate") (City Scrap Metal, City Metal Supply and Simcha Real Estate are collectively the "Corporate Defendants"), Michele Rothman ("Ms. Rothman") and Alan Rothman ("Mr. Rothman") (Ms. Rothman, Mr. Rothman and Corporate Defendants are collectively "Defendants"), seeking damages and other appropriate relief for her claims, including violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor Regulations, for Defendants' failure to pay Plaintiff overtime

compensation and to comply with notice and record-keeping requirements. Plaintiff alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; namely, the FLSA, 29 U.S.C. §§ 201 *et seq*.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

3. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. Plaintiff is a citizen of the State of New York, County of Queens. At all relevant times, Plaintiff was employed by Defendants and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2). At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

6. Defendant City Scrap Metal is a domestic business corporation organized and existing under the laws of the state of New York. At all relevant times, Defendant City Scrap Metal's principal place of business was located at 34-10 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant City Scrap Metal met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

7. Defendant City Scrap Metal has been the premier scrap metal dealer for the five (5) boroughs of New York City since 1999. Defendant City Scrap Metal purchases nonferrous metals such as copper, brass, aluminum, all grades of electrical and communication wire, stainless steel, air conditioner coils, auto radiator coils and windows (broken down without glass).

8. At all relevant times, Defendant City Scrap Metal maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

9. At all relevant times, Defendant City Scrap Metal was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, Defendant City Scrap Metal's annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

11. Defendant City Metal Supply is a domestic business corporation organized and existing under the laws of the state of New York. At all relevant times, Defendant City Metal Supply's principal place of business was located at 34-14 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant City Metal Supply met the definition of a covered

"employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

12. Defendant City Metal Supply was formed and controlled by Defendant City Scrap Metal for the purpose of leasing and/or renting all trucks used by Defendant City Scrap Metal.

13. At all relevant times, Defendant City Metal Supply maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

14. At all relevant times, Defendant City Metal Supply was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all relevant times, Defendant City Metal Supply's annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

16. Defendant Simcha Real Estate is a domestic business corporation organized and existing under the laws of the state of New York. At all relevant times, Defendant Simcha Real Estate's principal place of business was located at 34-10 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant Simcha Real Estate met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

17. Defendant Simcha Real Estate was formed and controlled by Defendant City Scrap Metal. Defendant Simcha Real Estate owns the building located at 34-10 Borden Avenue, Long Island City, NY 11101, from which Defendants City Scrap Metal and City Metal Supply operate and conduct business.

18. At all relevant times, Defendant Simcha Real Estate maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

19. At all relevant times, Defendant Simcha Real Estate was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times, Defendant Simcha Real Estate's annual gross volume of sales or income was not less than Five Hundred Thousand Dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C.§ 203(s)(1)(A)(ii).

21. Defendant Michele Rothman is a citizen of the State of New York, County of New York. At all relevant times, Ms. Rothman was the owner, principal, authorized operator, manager, shareholder and/or agent of the Corporate Defendants. At all relevant times, Ms. Rothman met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

22. At all relevant times, Ms. Rothman held the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment with Defendants.

23. At all relevant times, Ms. Rothman set and/or approved Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

24. Defendant Alan Rothman is a citizen of the State of New York, County of New York. At all relevant times, Mr. Rothman was the owner, principal, authorized operator,

manager, shareholder and/or agent of the Corporate Defendants. At all relevant times, Mr. Rothman met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

25. At all relevant times, Mr. Rothman held the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment with Defendants.

26. At all relevant times, Mr. Rothman set and/or approved Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

## STATEMENT OF FACTS

27. Plaintiff was employed by Defendants as a Bookkeeper for approximately eleven (11) years, from September 18, 2008, to the present.

28. From September 18, 2008, until approximately September of 2014, Plaintiff was compensated with an annual salary of fifty thousand dollars ($50,000).

29. From September of 2014 until approximately November 1, 2019, Plaintiff was compensated with an annual salary of fifty thousand dollars ($63,000).

30. From approximately November 1, 2019, to the present, Plaintiff was compensated with an annual salary of fifty thousand dollars ($68,200).

31. Throughout her employment with Defendants, Plaintiff's duties were administrative in nature and included answering phone calls, paying bills and company expenses, and invoicing clients for Defendants' employees.

32. Throughout her employment with Defendants, Plaintiff consistently worked in excess of forty (40) hours per week.

33. Throughout her employment with Defendants, Plaintiff typically worked six days (6) days per week. Plaintiff routinely worked Monday through Friday from approximately 7:30 a.m. to 5:00 p.m., and on Saturday from 7:30 a.m. to 1:00 p.m. Plaintiff rarely took breaks, including any meal breaks, during the workday.

34. Throughout her employment with Defendants, Plaintiff typically worked approximately fifty-three (53) hours per week.

35. Throughout her employment with Defendants, Defendants failed to pay Plaintiff any overtime compensation for all hours worked in excess of forty (40) hours per week.

36. At the time of Plaintiff's hiring, Defendants failed to provide Plaintiff with a notice of her hourly and overtime rates of pay, and the regular pay day designated by Defendants.

37. Throughout her employment with Defendants, Defendants failed to provide Plaintiff with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA

38. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

39. The FLSA, 29 U.S.C. § 207(a)(1), requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce for all hours worked in excess of forty (40) hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."

40. Throughout Plaintiff's employment with Defendants, Plaintiff was engaged in

commerce or in an enterprise engaged in commerce.

41. In violation of the FLSA, 29 U.S.C. § 207(a)(1), Defendants failed to pay Plaintiff any overtime compensation for all hours worked in excess of forty (40) hours per week.

42. Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

43. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL

44. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

45. Part 142 of Title 12 of the Codes, Rules, and Regulations of the State of New York requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate."

46. In violation of NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2, Defendants failed to pay Plaintiff any overtime compensation for all hours worked in excess of forty (40) hours per week.

47. Defendants' failure to pay Plaintiff her overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

48. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of

overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT III
## FAILURE TO PROVIDE TIMELY PAYMENTS IN VIOLATION OF THE NYLL

49. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

50. NYLL § 191(1)(d) requires that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

51. In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

52. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of timely overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT IV
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL

53. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

54. NYLL § 195(3) requires an employer to furnish to each employee, together with every payment of wages, a statement that lists the dates of work covered by the payment of wages, the number of regular hours and overtime hours worked, the regular and overtime rates or rates of pay, and any allowances claimed.

55.     In violation of NYLL § 195(3), Defendants failed to provide Plaintiff with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

56.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of two hundred and fifty dollars ($250) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

## COUNT V
## FAILURE TO PROVIDE NOTICE AT TIME OF HIRING IN VIOLATION OF THE NYLL

57.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

58.     NYLL § 195(1) requires an employer to provide each employee at the time of hiring with a notice containing the rate or rates of pay and basis thereof, allowances claimed as part of the minimum wage, and the regular pay day designated by the employer.

59.     In violation of NYLL § 195(1), Defendants failed to provide Plaintiff at the time of hiring with a notice of her hourly and overtime rates of pay, and the regular pay day designated by Defendants.

60.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of fifty dollars ($50) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in her favor awarding the following:

a. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, NYLL Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor regulations;

b. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL, and prohibiting Defendants from engaging in such future unlawful conduct ;

c. Unpaid wages under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

d. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of pre-judgment interest pursuant to 28 U.S.C. § 1961;

e. Unpaid wages under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL §§ 198(1-a) and 663(1);

f. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements and notice at the time of hiring, pursuant to NYLL §§ 198(1-b) and (1-d);

g. An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

h. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §§ 5003-5004;

i. An award of reasonable attorneys' fees, costs, disbursements and further expenses up to fifty dollars ($50), pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1), 198(1-a), 198(1-b), 198(1-d), and 663(1); and

j. Any such further and other relief as this Court may deem just and proper.

Dated: New York, New York
November 26, 2019

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

<u>/s/ *Israel Klein*</u>
Israel Klein, Esq.
950 Third Avenue, 25th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Defendant*