Israel Klein, Esq.
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

ELAINE MORALES and AURELIO PAREDES,
individually and on behalf of all other similarly situated
employees,

                         Plaintiffs,

            -against-

CITY SCRAP METAL, INC., CITY METAL SUPPLY,
INC., SIMCHA REAL ESTATE HOLDING LLC, CITY
METAL GROUP, INC., CITY METAL TRADERS, INC.,
MICHELE ROTHMAN and ALAN ROTHMAN,

                   Defendants.
------------------------------------------------------------------------x

Index No.: 1:19-cv-06682-DLI-CLP

**AMENDED FLSA COLLECTIVE
ACTION COMPLAINT**

## NATURE OF THE ACTION

1.     Plaintiffs Elaine Morales ("Ms. Morales") and Aurelio Paredes ("Mr. Paredes")

(collectively, "Plaintiffs"), by and through their attorneys, Pardalis & Nohavicka, LLP, bring this

collective action on behalf of themselves and on behalf of all other similarly situated employees

against Defendants City Scrap Metal, Inc. ("City Scrap Metal"), City Metal Supply, Inc. ("City

Metal Supply"), Simcha Real Estate Holding LLC ("Simcha Real Estate"), City Metal Group,

Inc. ("City Metal Group"), City Metal Traders, Inc. ("City Metal Traders") (City Scrap Metal,

City Metal Supply, Simcha Real Estate, City Metal Traders and City Metal Group are

collectively the "Corporate Defendants"), Michele Rothman ("Ms. Rothman") and Alan

Rothman ("Mr. Rothman") (Ms. Rothman, Mr. Rothman and Corporate Defendants are collectively the "Defendants") seeking damages and other appropriate relief for their claims, including violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor Regulations for Defendants' failure to pay Plaintiffs overtime compensation, minimum wages, paid sick leave, comply with notice and record-keeping requirements, and for unlawful retaliation. Plaintiffs also bring a claim for alter ego piercing the corporate veil. Plaintiffs allege, with personal knowledge as to their own actions and upon information and belief as to those of others, as follows:

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; namely, the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

5.     Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants conduct business in this judicial district and because a

substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

<strong>PARTIES</strong>

**A. <u>Plaintiffs</u>**

6.     Plaintiff Morales is a citizen of the State of New York, County of Queens. At all relevant times, Plaintiff Morales was employed by Defendants City Scrap Metal, Michele Rothman and Alan Rothman and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2). At all relevant times, Plaintiff Morales was employed by Defendants within the meaning of the FLSA and NYLL §§ 2, 651.

7.     Plaintiff Paredes is a citizen of the State of New York, County of Queens. At all relevant times, Plaintiff Paredes was employed by Defendants City Scrap Metal, Michele Rothman and Alan Rothman and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2). At all relevant times, Plaintiff Paredes was employed by Defendants within the meaning of the FLSA and NYLL §§ 2, 651.

**B. <u>Defendant City Scrap Metal</u>**

8.     Defendant City Scrap Metal is a domestic corporation organized and existing under the laws of the State of New York. At all relevant times, Defendant City Scrap Metal's principal place of business was located at 34-10 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant City Scrap Metal met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

9.     Defendant City Scrap Metal has been the premier scrap metal dealer for the five (5) boroughs of New York City since 1999. Defendant City Scrap Metal purchases nonferrous

3

metals such as copper, brass, aluminum, all grades of electrical and communication wire, stainless steel, air conditioner coils, auto radiator coils and broken down windows without glass.

10.    At all relevant times, Defendant City Scrap Metal maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices.

11.    At all relevant times, Defendant City Scrap Metal was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

12.    At all relevant times, Defendant City Scrap Metal's annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**C.  Defendant City Metal Supply**

13.    Defendant City Metal Supply is a domestic corporation organized and existing under the laws of the State of New York. At all relevant times, Defendant City Metal Supply's principal place of business was located at 34-14 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant City Metal Supply met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

14.    Defendant City Metal Supply was formed for the purpose of leasing and/or renting all trucks used by Defendant City Scrap Metal.

15.    At all relevant times, Defendant City Metal Supply was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

16.    At all relevant times, Defendant City Metal Supply's  annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C.§ 203(s)(1)(A)(ii).

**D.** **Defendant Simcha Real Estate**

17.     Defendant Simcha Real Estate is a domestic limited liability company organized and existing under the laws of the State of New York. At all relevant times, Defendant Simcha Real Estate's principal place of business was located at 34-10 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant Simcha Real Estate met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

18.     Defendant Simcha Real Estate owns the building located at 34-10 Borden Avenue, Long Island City, NY 11101, from which Defendants City Scrap Metal, City Metal Traders and Simcha Real Estate operate and conduct business. Defendant Simcha Real Estate owns the building located at 34-14 Borden Avenue, Long Island City, NY 11101, from which Defendant City Metal Supply operates and conducts business. Defendant Simcha Real Estate owns the building located at 34-12 Borden Avenue, Long Island City, NY 11101, from which Defendant City Metal Group operates and conducts business.

19.     At all relevant times, Defendant Simcha Real Estate was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

20.     At all relevant times, Defendant Simcha Real Estate's annual gross volume of sales or income was not less than Five Hundred Thousand Dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C.§ 203(s)(1)(A)(ii).

**E.** **Defendant City Metal Group**

21.     Defendant City Metal Group is a domestic corporation organized and existing under the laws of the State of New York. At all relevant times, Defendant City Metal Group's principal place of business was located at 34-12 Borden Avenue, Long Island City, NY 11101.

At all relevant times, Defendant City Metal Group met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

22.     At all relevant times, Defendant City Metal Group was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a). 207(a).

23.     At all relevant times, Defendant City Metal Group's  annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C.§ 203(s)(1)(A)(ii).

**F.  Defendant City Metal Traders**

24.     Defendant City Metal Traders is a domestic corporation organized and existing under the laws of the State of New York. At all relevant times, Defendant City Metal Traders' principal place of business was located at 34-10 Borden Avenue, Long Island City, NY 11101. At all relevant times, Defendant City Metal Traders met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

25.     Defendant City Metal Traders has been a scrap metal dealer for the five (5) boroughs of New York City since February 19, 2020. Defendant City Metal Traders purchases nonferrous metals such as copper, brass, aluminum, all grades of electrical and communication wire, stainless steel, air conditioner coils, auto radiator coils and broken down windows without glass.

26.     At all relevant times, Defendant City Metal Traders was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

27.     At all relevant times, Defendant City Metal Traders' annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

### G. Defendant Michele Rothman

28.     Defendant Michele Rothman is a citizen of the State of New York, County of New York. At all relevant times, Defendant Michele Rothman was the owner, principal, authorized operator, manager, shareholder and/or agent of the Corporate Defendants. At all relevant times, Defendant Michele Rothman met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

29.     At all relevant times, Defendant Michele Rothman held the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiffs' employment.

30.     At all relevant times, Defendant Michele Rothman set and/or approved Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

### H. Defendant Alan Rothman

31.     Defendant Alan Rothman is a citizen of the State of New York, County of New York. At all relevant times, Defendant Alan Rothman was the owner, principal, authorized operator, manager, shareholder and/or agent of the Corporate Defendants. At all relevant times,

Defendant Alan Rothman met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL § 2.

32.     At all relevant times, Defendant Alan Rothman held the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiffs' employment.

33.     At all relevant times, Mr. Rothman set and/or approved Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

## STATEMENT OF FACTS

**A. <u>Defendants Fail to Pay Plaintiff Morales Overtime Compensation</u>**

34.     Plaintiff Morales was employed by Defendants City Scrap Metal, Michele Rothman and Alan Rothman as a bookkeeper for approximately twelve (12) years, from September 18, 2008, to February 22, 2020.

35.     Plaintiff Morales also performed work for Defendant City Metal Supply.

36.     Plaintiff Morales' duties were administrative in nature and included answering phone calls, paying bills and company expenses, and invoicing clients.

37.     Plaintiff Morales regularly engaged in interstate commerce throughout the course of her employment, such as handling checks from out-of-state banks and financial institutions.

38.     From September 18, 2008, until approximately September 2014, Plaintiff Morales was compensated with an annual salary of fifty thousand dollars ($50,000).

39. From approximately September 2014 until approximately November 1, 2019, Plaintiff Morales was compensated with an annual salary of sixty-three thousand dollars ($63,000).

40. From approximately November 1, 2019, to February 22, 2020, Plaintiff Morales was compensated with an annual salary of sixty-eight thousand two hundred dollars ($68,200).

41. Throughout her employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Morales consistently worked in excess of forty (40) hours per week.

42. Throughout her employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Morales typically worked six days (6) days per week. Plaintiff Morales routinely worked Monday through Friday from approximately 7:30 a.m. to 5:00 p.m., and on Saturday from approximately 7:30 a.m. to 1:00 p.m. Plaintiff Morales rarely took breaks, including any meal breaks, during the workday.

43. Throughout her employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Morales typically worked approximately fifty-three (53) hours per week.

44. Throughout her employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiff Morales any overtime or straight time compensation for all hours worked in excess of forty (40) hours per week.

45. At the time of Plaintiff Morales' hiring, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to provide Plaintiff Morales with notice of her hourly and overtime rates of pay, and the regular pay day designated by Defendants.

46. Throughout her employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman, failed to provide Plaintiff Morales with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

**B. <u>Defendants Retaliate against Plaintiff Morales</u>**

47. On or about November 26, 2019, Plaintiff Morales filed the instant action with this Court alleging claims for unpaid overtime compensation, unpaid minimum wages, and other labor law violations.

48. Thereafter, Plaintiff Morales experienced numerous instances of retaliation by Defendants City Scrap Metal, Michele Rothman and Alan Rothman, including increased hostility by Defendant Alan Rothman, the withholding of her bonus, and her termination on February 22, 2020.

49. As a pretext for retaliation, Defendants City Scrap Metal, Michele Rothman and Alan Rothman terminated the entirety of its approximately ten (10) employee staff.

50. However, on February 19, 2020, merely three (3) days prior to Plaintiff Morales' unlawful termination, Defendants Michele Rothman and Alan Rothman incorporated Defendant City Metal Traders.

51. Defendants Michele Rothman and Alan Rothman did so with the intention of terminating all of their employees from Defendant City Scrap Metal to disguise as innocuous the retaliation against Plaintiff Morales, Plaintiff Paredes and one (1) or two (2) additional employees with potential labor claims against Defendants, and then rehiring all other employees to perform the same work and services under the new entity, Defendant City Metal Traders.

52. Indeed, on or about February 24, 2020, merely two (2) days after Plaintiff Morales' unlawful termination, Defendants Michele Rothman, Alan Rothman and City Metal

Traders rehired approximately six (6) of the approximately ten (10) Defendant City Scrap Metal employee staff to perform the same work and services under the new entity, Defendant City Metal Traders.

53.     Defendants Michele Rothman, Alan Rothman and City Metal Traders rehired the entirety of the Defendant City Scrap Metal employee staff, except for Plaintiff Morales, Plaintiff Paredes and one (1) or two (2) additional employees with potential labor claims against Defendants.

54.     Plaintiff Morales had more seniority than any other employee who was rehired by Defendants Michele Rothman, Alan Rothman and City Metal Traders.

55.     Further, shortly after Plaintiff Morales' unlawful termination, Defendants Michele Rothman, Alan Rothman and City Metal Traders posted a job opening on ZipRecruiter seeking to fill Plaintiff Morales' job. The job posting sought an employee to perform the same duties and job responsibilities that were previously performed by Plaintiff Morales.



56.     Defendants Michele Rothman, Alan Rothman and City Metal Traders subsequently hired a new employee to replace Plaintiff Morales. Plaintiff Morales had more experience and was more qualified for the position than the new employee hired to replace Plaintiff Morales.

57.     Defendants Michele Rothman, Alan Rothman and City Scrap Metal terminated Plaintiff Morales without good cause and for no other reason but in retaliation for Plaintiff Morales' complaints against them for unpaid overtime compensation, unpaid minimum wages, and other labor law violations.

58.     Defendants Michele Rothman, Alan Rothman and City Metal Traders failed to rehire Plaintiff Morales without good cause and for no other reason but in retaliation for Plaintiff Morales' complaints for unpaid overtime compensation, unpaid minimum wages, and other labor law violations.

## C. **Defendants Fail to Pay Plaintiff Paredes Minimum Wages and Overtime Compensation**

59.     Plaintiff Paredes was employed by Defendants City Scrap Metal, Michele Rothman and Alan Rothman as a warehouse laborer for almost eleven (11) years, from September 4, 2009, to February 22, 2020.

60.     Plaintiff Paredes' duties included unloading material, such as copper, brass, aluminum, stainless steel and A1/CU wire, off of Defendants City Scrap Metal's, City Metal Supply's, Michele Rothman's and Alan Rothman's trucks, sorting the material by type, reloading the trucks with baskets, striping copper wire and cleaning Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's facility.

61.     Plaintiff Paredes regularly engaged in interstate commerce throughout the course of his employment, such as handling the above materials.

62.     From September 4, 2009, until approximately December 31, 2012, Plaintiff Paredes was compensated at an hourly rate of eight dollars and fifty cents ($8.50).

63.     From approximately January 1, 2013, until approximately December 31, 2018, Plaintiff Paredes was compensated at an hourly rate of eight dollars and seventy-five cents ($8.75).

64.     From January 1, 2019, until approximately February 22, 2020, Plaintiff Paredes was compensated at an hourly rate of fifteen dollars ($15.00).

65.     From January 1, 2015, through December 31, 2018, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiff Paredes in accordance with the New York State applicable statutory minimum wage.

66.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Paredes consistently worked in excess of forty (40) hours per week.

67.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Paredes typically worked six days (6) days per week. Plaintiff Paredes routinely worked Monday, Wednesday and Friday from approximately 7:30 a.m. to 2:45 p.m., on Tuesday and Thursday from approximately 7:30 a.m. to 5:00 p.m., and on Saturday from approximately 7:30 a.m. to 1:00 p.m.

68.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiff Paredes typically worked approximately forty-six (46) hours and fifteen (15) minutes per week.

69.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiff Paredes any overtime or straight time compensation for all hours worked in excess of forty (40) hours per week.

70.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to provide Plaintiff Paredes with vacation and sick time pay. Defendants City Scrap Metal, Michele Rothman and Alan Rothman withheld Plaintiff Paredes' daily rate of pay for the days he was sick, hospitalized and/or on personal leave.

71.     At the time of Plaintiff Paredes' hiring, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to provide Plaintiff Paredes with notice of his hourly and overtime rates of pay, and the regular pay day designated by Defendants.

72.     Throughout his employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman, failed to provide Plaintiff Paredes with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

### D.  Defendants Retaliate against Plaintiff Paredes

73.     On or about November 26, 2019, Plaintiff Morales filed the instant action with this Court alleging claims for unpaid overtime compensation, unpaid minimum wages, and other labor law violations.

74.     Plaintiff Paredes subsequently complained to Defendants City Scrap Metal, Michele Rothman and Alan Rothman regarding their failure pay Plaintiff Paredes minimum wages and overtime compensation.

75.     Thereafter, Defendants City Scrap Metal, Michele Rothman and Alan Rothman, retaliated against Plaintiff Paredes by terminating him on February 22, 2020.

76.     As a pretext for retaliation, Defendants City Scrap Metal, Michele Rothman and Alan Rothman terminated the entirety of its approximately ten (10) employee staff.

77.     However, on February 19, 2020, merely three (3) days prior to Plaintiff Paredes' unlawful termination, Defendants Michele Rothman and Alan Rothman incorporated Defendant City Metal Traders.

78.     Defendants Michele Rothman and Alan Rothman did so with the intention of terminating all of their employees from Defendant City Scrap Metal to disguise as innocuous the retaliation against Plaintiff Morales, Plaintiff Paredes and one (1) or two (2) additional

employees with potential labor claims against Defendants, and then rehiring all other employees to perform the same work and services under the new entity, Defendant City Metal Traders.

79.     Indeed, on or about February 24, 2020, merely two (2) days after Plaintiff Paredes' unlawful termination, Defendants Michele Rothman, Alan Rothman and City Metal Traders rehired approximately six (6) of the approximately ten (10) Defendant City Scrap Metal employee staff to perform the same work and services under the new entity, Defendant City Metal Traders.

80.     Defendants Michele Rothman, Alan Rothman and City Metal Traders rehired the entirety of the Defendant City Scrap Metal employee staff, except for Plaintiff Morales, Plaintiff Paredes and one (1) or two (2) additional employees with potential labor claims against Defendants.

81.     Defendants Michele Rothman, Alan Rothman and City Metal Traders rehired other warehouse laborers with the same duties and job responsibilities that were previously performed by Plaintiff Paredes.

82.     Plaintiff Paredes had more seniority, experience and was more qualified than any other warehouse laborer rehired by Defendants Michele Rothman, Alan Rothman and City Metal Traders.

83.     Defendants Michele Rothman, Alan Rothman and City Scrap Metal terminated Plaintiff Paredes without good cause and for no other reason but in retaliation for Plaintiff Paredes' complaints against them for unpaid minimum wages, overtime compensation and other labor law violations.

84.     Defendants Michele Rothman, Alan Rothman and City Metal Traders failed to rehire Plaintiff Paredes without good cause and for no other reason but in retaliation for Plaintiff

Paredes' complaints for unpaid minimum wages, overtime compensation and other labor law violations.

## COLLECTIVE ACTION ALLEGATIONS

85. As this Complaint pertains to Causes of Action I-III, Plaintiffs, on behalf of themselves and all other similarly situated current and former employees of Defendants, including their parent, subsidiary and affiliated companies, bring this action as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b), to recover damages for unpaid overtime compensation, unpaid minimum wages and for unlawful retaliation on behalf of the following individuals:

> All persons employed by Defendants at any time from March 2017 to the present and continuing who worked as non-exempt employees of Defendants who did not receive overtime compensation and/or minimum wages and/or suffered retaliation for related complaints ("Collective").

86. Plaintiffs and Collective members are similarly situated inasmuch as they were required to work in excess of forty (40) hours per week without overtime and/or straight time compensation and/or suffered retaliation, in violation of the FLSA.

87. Plaintiffs and the Collective members have/had substantially similar job duties and are/were paid pursuant to a similar, if not the same, payment structure.

88. The claims of the Plaintiffs stated herein are similar to those of the Collective members.

89. Defendants have known that Plaintiffs and Collective members performed work that required overtime compensation and minimum wages. Nonetheless, Defendants failed to pay Plaintiffs and Collective members overtime and/or straight time compensation for all hours worked in excess of forty (40) hours per week and/or retaliated against them for related complaints.

90. As a result of these unlawful practices, Plaintiffs and Collective members suffered a loss of wages.

91. Defendants' conduct has been willful and has caused significant damages to Plaintiff and Collective members.

<u>COUNT I</u>
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA**
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

92. Plaintiffs and the Collective members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

93. The FLSA, 29 U.S.C. § 207(a)(1), requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce for all hours worked in excess of forty (40) hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."

94. Throughout Plaintiffs' and Collective members' employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele Rothman and Alan Rothman, were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

95. Throughout Plaintiffs' and Collective members' employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiffs and Collective members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

96. In violation of the FLSA, 29 U.S.C. § 207(a)(1), Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiffs and Collective members any overtime compensation for all hours worked in excess of forty (40) hours per week.

97.     Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's unlawful conduct, as set forth herein, has been willful and intentional. Defendants City Scrap Metal, Michele Rothman and Alan Rothman were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

98.     Defendant City Metal Traders is liable to Plaintiffs and Collective members as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

99.     As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the FLSA, Plaintiffs and Collective members have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA
### (as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)

100.    Plaintiffs and the Collective members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

101.    The FLSA, 29 U.S.C. § 206, requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce a statutory minimum wage for all hours worked.

102.    Throughout Plaintiffs' and Collective members' employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Defendants City Scrap Metal, Michele

Rothman and Alan Rothman, were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

103. Throughout Plaintiffs' and Collective members' employment with Defendants City Scrap Metal, Michele Rothman and Alan Rothman, Plaintiffs and Collective members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

104. In violation of the FLSA, 29 U.S.C. § 206, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiffs and Collective members any wages for all hours worked in excess of forty (40) hours per week.

105. Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's unlawful conduct, as set forth herein, has been willful and intentional. Defendants City Scrap Metal, Michele Rothman and Alan Rothman were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

106. Defendant City Metal Traders is liable to Plaintiffs and Collective members as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

107. As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the FLSA, Plaintiffs and Collective members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA**
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan
Rothman)**

108.     Plaintiffs and the Collective members hereby repeat and reallege all allegations
set forth above as if fully set forth herein.

109.     The FLSA, 29 U.S.C. § 215(a)(3), prohibits an employer from terminating or
discriminating against an employee as a result of complaints for unpaid overtime compensation
or minimum wages made by the employee against the employer.

110.     At all relevant times, Defendants City Scrap Metal, City Metal Traders, Michele
Rothman and Alan Rothman were employers engaged in commerce or in an enterprise engaged
in commerce within the meaning of the FLSA.

111.     At all relevant times, Plaintiffs and Collective members were employees engaged
in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

112.     In violation of the FLSA, 29 U.S.C. § 215(a)(3), Defendants City Scrap Metal,
Michele Rothman and Alan Rothman unlawfully retaliated against Plaintiffs and Collective
members by displaying increased hostility and/or withholding their earned bonuses and/or
terminating their employment as a result of complaints for unpaid overtime compensation and/or
minimum wages made by Plaintiffs and Collective members against Defendants City Scrap
Metal, Michele Rothman and Alan Rothman.

113.     Defendant City Metal Traders is liable to Plaintiffs and Collective members for
these violations as the successor entity of Defendant City Scrap Metal.

114.     In violation of the FLSA, 29 U.S.C. § 215(a)(3), Defendants City Scrap Metal,
City Metal Traders, Michele Rothman and Alan Rothman unlawfully retaliated against Plaintiffs
and Collective members by failing to rehire them for employment with City Metal Traders as a

21

result of complaints for unpaid overtime compensation and/or minimum wages made by Plaintiffs and Collective members against Defendants City Scrap Metal, Michele Rothman and Alan Rothman.

115.    Defendants City Scrap Metal's, City Metal Traders', Michele Rothman's and Alan Rothman's unlawful conduct, as set forth herein, has been willful and intentional. Defendants City Scrap Metal, Michele Rothman and Alan Rothman were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

116.    As a result of Defendants City Scrap Metal's, City Metal Traders', Michele Rothman's and Alan Rothman's violations of the FLSA, Plaintiffs and Collective members have been deprived of back and front wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT IV**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL**
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

117.    Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

118.    Part 142 of Title 12 of the Codes, Rules, and Regulations of the State of New York requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate."

119.    At all relevant times, Defendants City Scrap Metal, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

120.    At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

121.     In violation of NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiffs any overtime compensation for all hours worked in excess of forty (40) hours per week.

122.     Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's failure to pay Plaintiffs their overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

123.     Defendant City Metal Traders is liable to Plaintiffs as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

124.     As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the NYLL, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT V
### UNPAID MINIMUM WAGES IN VIOLATION OF THE NYLL
#### (as against Defendants City Scrap Metal, Michele Rothman, Alan Rothman)

125.     Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

126.     NYLL § 652 requires an employer to pay its employees a statutory minimum wage for all hours worked.

127.     At all relevant times, Defendants City Scrap Metal, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

128. At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

129. In violation of NYLL § 652, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiffs any wages for all hours worked in excess of forty (40) hours per week.

130. In violation of NYLL § 652, from January 1, 2015, through December 31, 2018, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to pay Plaintiff Paredes in accordance with the New York State applicable statutory minimum wage.

131. Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's failure to pay Plaintiffs minimum wages lacked a good faith basis within the meaning of NYLL § 663.

132. Defendant City Metal Traders is liable to Plaintiffs as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

133. As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the NYLL, Plaintiffs have been deprived of minimum wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT VI
### UNLAWFUL RETALIATION IN VIOLATION OF THE NYLL
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

134. Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

135.    NYLL § 215(1)(a) prohibits an employer from terminating or penalizing an employee as a result of complaints for unpaid overtime compensation or minimum wages made by the employee against the employer.

136.    At all relevant times, Defendants City Scrap Metal, City Metal Traders, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

137.    At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

138.    In violation of NYLL § 215(1)(a), Defendants City Scrap Metal, Michele Rothman and Alan Rothman unlawfully retaliated against Plaintiff Morales by displaying increased hostility, withholding her earned bonus and terminating her employment as a result of complaints for unpaid overtime compensation and minimum wages made by Plaintiff Morales against Defendants City Scrap Metal, Michele Rothman and Alan Rothman.

139.    In violation of NYLL § 215(1)(a), Defendants City Scrap Metal, Michele Rothman and Alan Rothman unlawfully retaliated against Plaintiff Paredes by terminating his employment as a result of complaints for unpaid overtime compensation and minimum wages made by Plaintiff Paredes against Defendants City Scrap Metal, Michele Rothman and Alan Rothman.

140.    Defendant City Metal Traders is liable to Plaintiffs for these violations as the successor entity of Defendant City Scrap Metal.

141.    In violation of NYLL § 215(1)(a), Defendants City Scrap Metal, City Metal Traders, Michele Rothman and Alan Rothman unlawfully retaliated against Plaintiffs by failing to rehire them for employment with City Metal Traders as a result of complaints for unpaid overtime compensation and minimum wages made by Plaintiffs against Defendants City Scrap Metal, Michele Rothman and Alan Rothman.

142.     As a result of Defendants City Scrap Metal's, City Metal Traders', Michele Rothman's and Alan Rothman's violations of the NYLL, Plaintiffs have been deprived of back and front wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages up to twenty thousand dollars ($20,000), attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 215(2)(a).

### COUNT VII
### FAILURE TO PROVIDE TIMELY PAYMENTS IN VIOLATION OF THE NYLL
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

143.     Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

144.     NYLL § 191(1)(d) requires that " [a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

145.     At all relevant times, Defendants City Scrap Metal, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

146.     At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

147.     In violation of NYLL § 191(1)(d), Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to timely pay Plaintiffs overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

148.     In violation of NYLL § 191(1)(d), from January 1, 2015, through December 31, 2018, Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to timely pay Plaintiff Paredes minimum wages.

149. City Metal Traders is liable to Plaintiffs as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

150. As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the NYLL, Plaintiffs have been deprived of timely minimum wages, overtime and straight time compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

<u>**COUNT VIII**</u>
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL**
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

151. Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

152. NYLL § 195(3) requires an employer to furnish to each employee, together with every payment of wages, a statement that lists the dates of work covered by the payment of wages, the number of regular hours and overtime hours worked, the regular and overtime rates or rates of pay, and any allowances claimed.

153. At all relevant times, Defendants City Scrap Metal, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

154. At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

155. In violation of NYLL § 195(3), Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to provide Plaintiffs with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

156.     Defendant City Metal Traders is liable to Plaintiffs as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

157.     As a result of Defendants City Scrap Metal's, Michele Rothman's and Alan Rothman's violations of the NYLL, Plaintiffs are entitled to recover from Defendants City Scrap Metal, Michele Rothman and Alan Rothman statutory damages in the amount of two hundred and fifty dollars ($250) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

**COUNT IX**
**FAILURE TO PROVIDE NOTICE AT TIME OF HIRING IN VIOLATION OF THE NYLL**
**(as against Defendants City Scrap Metal, City Metal Traders, Michele Rothman, Alan Rothman)**

158.     Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

159.     NYLL § 195(1) requires an employer to provide each employee at the time of hiring with a notice containing the rate or rates of pay and basis thereof,  allowances claimed as part of the minimum wage, and the regular pay day designated by the employer.

160.     At all relevant times, Defendants City Scrap Metal, Michele Rothman and Alan Rothman were employers within the meaning of the NYLL.

161.     At all relevant times, Plaintiffs were employees within the meaning of the NYLL.

162.     In violation of NYLL § 195(1), Defendants City Scrap Metal, Michele Rothman and Alan Rothman failed to provide Plaintiffs at the time of hiring with a notice of their hourly and overtime rates of pay, and the regular pay day designated by Defendants City Scrap Metal, Michele Rothman and Alan Rothman.

163. Defendant City Metal Traders is liable to Plaintiffs as the successor entity of Defendant City Scrap Metal for these violations occurring during their employment with Defendant City Scrap Metal.

164. As a result of Defendants City Scrap Metal's, Michele Rothman l's and Alan Rothman's' violations of the NYLL, Plaintiffs are entitled to recover from Defendants City Scrap Metal, Michele Rothman and Alan Rothman statutory damages in the amount of fifty dollars ($50) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

## COUNT X
### ALTER EGO PIERCING THE CORPORATE VEIL
### (as against all Defendants)

165. Plaintiffs hereby repeat and reallege all allegations set forth above as if fully set forth herein.

166. At all relevant times, Defendants Michele Rothman and Alan Rothman were the sole owners and executives of Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders and City Metal Group, and exercised complete domination and control over the Corporate Defendants.

167. Defendants Michele Rothman and Alan Rothman regularly used the funds of Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders and City Metal Group for their own personal purposes and interchangeably for the purposes of the Corporate Defendants, and vice versa.

168. At all relevant times, Defendants Michele Rothman and Alan Rothman failed to adhere to the corporate formalities in their operation of Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders and City Metal Group.

169. Defendants Michele Rothman's and Alan Rothman's misuse of the corporate form is inequitable, and it would be unjust for Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders, and City Metal Group to shield themselves from the personal liabilities, responsibilities and obligations of each other and of Michele Rothman and Alan Rothman, and vice versa.

170. As Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders, and City Metal Group are alter egos of each other and of Michele Rothman and Alan Rothman, and vice versa, Plaintiffs are entitled to pierce the corporate veil.

171. Accordingly, Defendants City Scrap Metal, City Metal Supply, Simcha Real Estate, City Metal Traders, and City Metal Group are personally liable and responsible for the obligations of each other and of Michele Rothman and Alan Rothman, and vice versa, based upon Defendants' use and treatment of the Corporate Defendants as alter egos.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief against Defendants and that a judgment be entered in their favor awarding the following:

a. Designating this action as a collective action and authorizing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all putative Collective action members apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

b. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, NYLL Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor regulations;

c.  A permanent injunction prohibiting Defendants from engaging in such future unlawful conduct;

d.  Unpaid overtime compensation and minimum wages under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

e.  Unpaid back and front wages for retaliation under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

f.  If liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), are not awarded, an award of pre-judgment interest, pursuant to 28 U.S.C. § 1961;

g.  Unpaid overtime compensation and minimum wages under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL §§ 198(1-a), 663(1);

h.  Unpaid back and front wages for retaliation under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL § 215(2)(a);

i.  An award of statutory damages for Defendants' failure to provide Plaintiffs with wage statements and notice at the time of hiring, pursuant to NYLL §§ 198(1-b) and (1-d);

j.  An award of pre-judgment interest of nine percent per annum (9%), pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

k.  An award of post-judgment interest, pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §§ 5003-5004;

l.  An award of reasonable attorneys' fees, costs, disbursements and further expenses up to fifty dollars ($50), pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1), 198(1-a), 198(1-b), 198(1-d), 663(1); and

m.  Any such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all issues so triable.


Dated: New York, New York
      July 6, 2020

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

/s/ *Israel Klein*
Israel Klein, Esq.
950 Third Avenue, 25th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiffs*